

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00120-CR

DARRELL DEWEESE MCCRAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 227th District Court
Bexar County, Texas[1]
Trial Court No. 2019CR4690, Honorable Christine Del Prado, Presiding

September 27, 2023

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Subject to a plea bargain agreement, Appellant, Darrell Deweese McCray, pled nolo contendre to the offense of possession of a controlled substance, penalty group one, in an amount less than one gram.[2] Appellant also pled true to enhancement allegations

---

[1] This appeal was transferred to this Court from the Fourth Court of Appeals by docket equalization order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

[2] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b).

that raised the punishment for the charged offense to that of a third-degree felony.[3]  In accordance with the plea bargain, the trial court found Appellant guilty, sentenced him to three years' incarceration and a $1,000 fine, and suspended the sentence and placed Appellant on community supervision for three years.  The State filed a motion to revoke community supervision.[4]  While the State's motion was pending, Appellant filed a motion to withdraw his prior plea.  This motion was denied by the trial court by written order.  The trial court held a hearing on the State's motion, after which the trial court entered judgment revoking Appellant's community supervision and imposing the original sentence of three years' incarceration and $1,000 fine.  From this judgment, Appellant timely appealed.  In presenting this appeal, counsel for Appellant has filed an *Anders*[5] brief in support of a motion to withdraw.  We grant counsel's motion and affirm the judgment of the trial court.

Counsel has certified that he has conducted a conscientious examination of the record and, in his opinion, the record reflects no reversible error upon which an appeal can be predicated.  *Anders*, 386 U.S. at 744; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).  In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), counsel has discussed why, under the controlling authorities, there are no reversible errors in the trial court's judgment.  In a letter to Appellant, counsel notified him of his motion to withdraw; provided him with a copy of the *Anders* brief and a motion to request the appellate record; and informed him of his right to file a pro se response.  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014) (specifying

---

[3] *See* TEX. PENAL CODE ANN. § 12.425(a).

[4] The State supplemented its motion to add an additional alleged violation.

[5] *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appointed counsel's obligations on the filing of a motion to withdraw supported by an *Anders* brief). By letter, this Court also advised Appellant of his right to file a pro se response to counsel's *Anders* brief. Appellant has not filed a response. The State has not filed a brief.

By his *Anders* brief, counsel discusses areas in the record where reversible error may have occurred but concludes that the appeal is frivolous. We have independently examined the record to determine whether there are any non-frivolous issues that were preserved in the trial court which might support an appeal, but we have found no such issues. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Following our careful review of the appellate record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal.

Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.[6]

Judy C. Parker
Justice

Do not publish.

---

[6] Counsel shall, within five days after the opinion is handed down, send Appellant a copy of the opinion and judgment, along with notification of Appellant's right to file a pro se petition for discretionary review. *See* TEX. R. APP. P. 48.4. This duty is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *In re Schulman*, 252 S.W.3d at 411 n.33.